| UNITED STATES DISTRICT COURT | C/M |
| EASTERN DISTRICT OF NEW YORK | |

------------------------------------------------------------X
ROBERT ANTON WILLIAMS, JR.

                          Plaintiff,

                - against -

STEVE WHITBECK, Chairman of the Board of
Examiners of Sex Offenders,

                         Defendant.
------------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER**

14 Civ. 6794 (BMC)(LB)

**COGAN**, District Judge.

    Plaintiff *pro se* brings this action under 42 U.S.C. § 1983 seeking damages arising from his required registration as a sex offender in New York based on an Alabama conviction. Defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the ground that the State of New York registered him as a sex offender on or about April 26, 2010, and the statute of limitations for a § 1983 claim is three years. See Patterson v. Cnty. of Oneida., 375 F.3d 206, 225 (2d Cir. 2004). Plaintiff did not commence this action until November 18, 2014.

    Plaintiff responds that his claim has a later accrual date, either when the State refused to advise him of the New York sex crime to which his out of state conviction was allegedly analogous, or each time he sustained damage as a result of the registration, or the date that the State finally acceded to his request (apparently after some inconclusive state court litigation) to remove him for the registry in June, 2013. He asserts that "[a] challenge to my registration was impossible until June 13, 2013 because the state failed to provide the necessary information to disputes [sic] the boards [sic] determination of registry rendering the adversary process legally invalid." Plaintiff contends that during the time that the State was refusing to tell him the New York crime to which his foreign conviction was analogous, he suffered various kinds of damage,

like being harassed by police officers, defamation from community notification, and housing and employment limitations as a sex offender.

Plaintiff's attempt to delay the accrual of his claim fails. The liberty interest at issue here is his right to be free from having to register as a sex offender without due process of law, the deprivation of which the State inflicted on him in April 2010. Plaintiff may have suffered damages at various times after his registration, but they are all causally related to the State's registration of him. The damages he suffered after being required to register simply enhanced his claim; they did not toll the statute of limitations or delay accrual of his claim. See Gonzalez v. Hasty, No. 12 Civ. 5013, 2013 WL 3816587, at *3 (E.D.N.Y. July 25, 2013) ("Under his theory, plaintiff's damages would have increased the longer he was kept in the SHU, and the evidence supporting his claim of illegal motive may have accumulated the longer he was held, but the claim of improper SHU detention was fully amenable to suit as soon as he was transferred into the MDC SHU and plaintiff could have sued at that point.").[1]

Plaintiff's assertion that it would have been "impossible" for him to sue at the time he had to register is wrong; there was no reason why such a lawsuit would have been premature. Although plaintiff apparently chose to challenge the State's determination in state court, that was not required, as there is no exhaustion requirement when a liberty interest is unconstitutionally compromised. See Porter v. Nussle, 534 U.S. 516, 523, 122 S. Ct. 983 (2002) ("Ordinarily, plaintiffs pursuing civil rights claims under 42 U.S.C. § 1983 need not exhaust administrative remedies before filing suit in court."); Rivera–Powell v. New York City Bd. of Elections, 470 F.3d 458, 468 n. 12 (2d Cir. 2006) ("The general rule is that § 1983 claims . . . do not require exhaustion of state remedies."). As a result, there is no toll of the statute of limitations as to

---

[1] Plaintiff's reliance on Doe v. Pataki, 3 F. Supp. 2d 456 (S.D.N.Y. 1998), is misplaced. That case simply held that reputational damage from constitutionally deficient sex registration is a compensable injury. The case had nothing to do with the statute of limitations.

plaintiff's claim.  Compare Gonzalez v. Hasty, 651 F.3d 318 (2d Cir. 2011) (since exhaustion is required under the Prisoners Litigation Rights Act, the time spent exhausting constitutional claims must be equitably excluded from the statute of limitations).

This case is not dissimilar to Coleman v. Dumeng, No. 10 Civ. 8766, 2012 WL 467133 (S.D.N.Y. Feb. 14, 2012).  There, a parolee was required, without a hearing, to enroll in a substance abuse program when his parole officer accused him of testing positive for drugs.  The plaintiff challenged the contention that he had used drugs and demanded to see the lab reports, which his parole officer refused to provide.  Plaintiff then sued under § 1983 for having been compelled to enroll in the substance abuse program without a hearing or an opportunity to review the lab results.  The court held that his claim accrued on the date that he was required to enroll in the substance abuse program, and found it time-barred.

The court reached the same conclusion in Fowlkes v. Rodriguez, 584 F. Supp. 2d 561 (E.D.N.Y. 2008), finding a sex registrant's claim time barred.  The Court noted that "[a]ccrual does not depend on plaintiff's receipt of 'judicial verification that the defendants' acts were wrongful,' but on 'when the alleged conduct has caused the claimant harm and the claimant knows or has reason to know of the allegedly impermissible conduct and the resulting harm.'" Id. at 573 (quoting Veal v. Geraci, 23 F.3d 722, 724 (2d Cir. 1994)).

In effect, what plaintiff is seeking is a highly customized version of the continuing violation doctrine.  Under his theory, the statute of limitations did not begin to run until the latest of (1) any date on which the State refused to identify the analogous New York statute that required registration; or (2) any date on which he sustained injury, whether reputational, or loss of housing or employment opportunities; or (3) the date in June 2013, in which the State advised him that it was removing him from the sex offender registry.  Even in its unmodified form, the

continuing violation doctrine is disfavored.  See Trinidad v. New York City Dep't of Corr., 423 F.Supp.2d 151, 165 n. 11 (S.D.N.Y. 2006).  No case has carried it anywhere near the extended range that plaintiff seeks.  Plaintiff knew he had been wronged the day that the State registered him as a sex offender.  That is the date his claim arose, and there is no ground for extending it.

Defendants' motion to dismiss [25] is granted.  The Clerk is directed to enter judgment dismissing the complaint.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962).

**SO ORDERED.**

                                                   U.S.D.J.

Dated: Brooklyn, New York
       August 28, 2015